ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (VII)

| SUCN. MARÍA DE LOS AMPAROS CIVIDANES FREIRÍA<br><br>RECURRIDA<br><br>v.<br><br>SUCN. ADOLFO CIVIDANES FREIRÍA<br><br>PETICIONARIOS | KLCE202400787 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: SJ2018CV01868<br><br>Sobre: División y Participación de Herencia |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Juez Brignoni Mártir, el Juez Candelaria Rosa

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparecen los integrantes de la Sucesión del señor Adolfo Cividanes Freiría (peticionarios) mediante el recurso de epígrafe y nos solicitan que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) emitida el 7 de mayo de 2024 y notificada al día siguiente 8 de mayo de 2024. En la referida orden el foro primario exigió a los peticionarios la entrega de una escritura de cesión a favor de la Sucesión de la señora María de los Amparos Cividanes Freiría (recurridos) y otorgó un término 10 días contados a partir de la fecha de entrega de la escritura para la otorgación de la escritura de cesión. Además, incluyó una sanción económica de $100 diarios hasta que se cumpliera a cabalidad con lo ordenado.

Al respecto, adelantamos que, en el ejercicio de nuestra discreción, denegamos expedir el auto de *certiorari* solicitado.

**I**

El pleito que nos ocupa tuvo su génesis el 4 de abril de 2018 mediante la presentación de una *Demanda* por partición y división de herencia sometida por la Sra. María de los Amparos Cividanes Freiría contra Emilio Cividanes Freiría; Adolfo Cividanes Freiría, Carmen Lago

Número Identificador
RES2024_____

Riera y la Sociedad de Gananciales compuesta por ambos.[1] Con el transcurso del tiempo las partes originales fallecieron, por lo que el pleito continuó con los herederos correspondientes. El caso obtuvo su finalidad mediante acuerdo entre las estas el 24 de julio de 2023 cuando el TPI emitió *Sentencia*, en la cual acogió la estipulación transigida y presentada. Dicha estipulación afirmó lo siguiente:

1. En primer lugar, se hace constar que la presente Estipulación no conlleva admisión de parte alguna en cuanto a las alegaciones o defensas que como parte de este caso hayan sido esgrimidas, la presente Estipulación solo persigue el propósito de concluir este caso.

2. En segundo lugar, como ya antes se ha indicado, la Sucesión de Emilio Cividanes Freiría no tiene interés económico alguno en la controversia; por lo que, con excepción de lo dispuesto en el inciso (c) de este párrafo, las prestaciones objeto de la presente estipulación se limitan a la Sucesión de la Demandante y las Sucesiones de Adolfo Cividanes Freiría y Carmen Lago Riera. Hecha dicha aclaración, la Sucesión de la Demandante y las Sucesiones de Adolfo Cividanes Freiría y Carmen Lago Riera han acordado transigir todas las reclamaciones que se establecen en la Demanda Enmendada bajo los siguientes términos y condiciones:

   (a) La Sucesión de Adolfo Cividanes Freiría transferirá y cederá a la Sucesión de la Demandante mediante escritura pública todos los derechos que tiene sobre el Apartamento 601, ubicado en la Avenida Miramar 703 en Santurce, San Juan, Puerto Rico, (Finca #5379, inscrita al folio 95 del tomo 173 de Santurce Sur, Registro de la Propiedad de San Juan, 5ta. inscripción), en consideración a que ésta desista con perjuicio de la demanda, una vez se firme la escritura de cesión. Si posteriormente resultase que fuese necesario la comparecencia de la Sucesión de Carmen Lago en la referida escritura u otro documento, los miembros de dicha Sucesión comparecerán a ese fin.

   (b) Todos los gastos y los honorarios de Notario autorizante de la escritura de cesión que se tengan que incurrir para hacer efectiva e inscribir la cesión de dichos derechos en el Registro de la Propiedad a nombre de la Sucesión de la Demandante serán pagados por la Sucesión de Adolfo Cividanes Freiría. El Notario autorizante de la escritura de cesión será seleccionado por la Sucesión de Adolfo Cividanes Freiría; y

   (c) Adicionalmente, efectivo en la fecha en que se firme la antes referida escritura de cesión, las partes acuerdan que la Sucesión de la Demandante desistirá con perjuicio

---

[1] Véase entrada 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

de la demanda y de sus reclamaciones contra la Sucesión de Emilio Cividanes Freiría, y a su vez la Sucesión de Emilio Cividanes Freiría desistirá con perjuicio de su demanda contra las copartes Sucesión de Adolfo Cividanes Freiría y la Sucesión Carmen Lago Riera, y todas dichas partes se liberarán y relevarán mutuamente entre sí, el uno al otro, de toda demanda, causa de acción, reclamación y obligación, alegada o no alegada en el caso del epígrafe, relacionada con los hechos alegados en la demanda.

3. Debido a que para cumplir con lo acordado en la Estipulación las partes tienen que realizar varios actos previo a la firma de la escritura de cesión relacionados con la inscripción en el Registro de la Propiedad de los derechos hereditarios que le correspondan, tales como obtener el Relevo del Departamento de Hacienda y presentar Instancia en el Registro (los cuales cada parte realizará a su costo), las partes comparecientes, solicitan al Honorable Tribunal que retenga su jurisdicción sobre el caso para asegurar el fiel cumplimiento por las partes de todos los términos y condiciones establecidos en la Estipulación que le corresponde.[2]

Luego de dictada la *Sentencia*, y a consecuencia de una alegada falta de comunicación entre las representaciones legales de las partes, los recurridos acudieron al foro primario mediante una *Moción Sobre Incumplimiento de Sentencia y Solicitud de Orden*.[3] En el mencionado escrito los recurridos plantearon que en varias ocasiones intentaron comunicarse con los peticionarios acerca del estatus de la escritura de cesión a otorgarse para comenzar el proceso correspondiente en cuanto a la inscripción del inmueble a ser cedido. Al no presentarse oposición de parte de los peticionarios dentro del término de 20 días, los recurridos sometieron una segunda moción el cual el tribunal declaró Ha Lugar.[4] Como consecuencia de lo anterior el TPI también emitió una *Orden* donde instruyó a los peticionarios lo siguiente:

1. La entrega de la escritura de cesión a favor de la Parte Demandante dentro de un término de 10 días, contados a partir de la fecha de notificación de la presente orden.
2. La otorgación de la escritura de cesión dentro de un término de 10 días, contados a partir de la fecha de la entrega de dicha escritura a la Parte Demandante.

---

[2] Véase entrada 283 del expediente electrónico de SUMAC.
[3] Apéndice del recurso, págs. 5-36.
[4] Apéndice del recurso, pág. 40.

El incumplimiento con la presente Orden acarreará la imposición de una sanción económica diaria de $100, hasta que se cumpla a cabalidad lo que aquí se dispone. Además, el Tribunal autoriza que un Alguacil o Alguacila de este Tribunal comparezca en el lugar de la Parte Demandada en el acto de otorgación de la escritura de cesión, previo pago de derechos arancelarios, en caso de que procedan.

El incumplimiento de la Parte Demandada con los acuerdos logrados y recogidos en el dictamen del caso constituyen un acto temerario por dicha parte, por lo que se impone el pago de $3,000.00 por concepto de honorarios de abogado a favor de la Parte Demandante.[5]

Inconformes, luego de dos mociones de reconsideración declaradas No Ha Lugar, los peticionarios acudieron a este foro intermedio con el siguiente señalamiento de error:

Erró el Honorable Tribunal de Primera Instancia e incurrió en grave abuso de discreción al momento en que fue informado del fallecimiento de un co-demandante sin que se cumpliera con el proceso dispuesto en nuestro ordenamiento procesal, y atender mociones y emitir órdenes cuando era evidente que la propia parte demandante-recurrida no informó oportunamente de situaciones que afectaban las decisiones que fuera a tomar el TPI, por lo que no procedía la imposición de sanciones y la orden para que se produzca una escritura que no es posible en términos legales hasta que se complete el proceso requerido por ley y se atienda lo que requiere el Artículo 131 de la Ley del Registro de Propiedad Inmobiliaria, *supra*.

Atendida una *Moción de Desestimación* presentada por los recurridos y declarada No Ha Lugar nos hallamos en posición para expresarnos.

**II**

El recurso de *certiorari* es un remedio procesal discrecional que permite al tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). El auto de *certiorari* se utiliza "para revisar tanto errores de derecho procesal como sustantivo". *Pueblo v. Colón Mendoza*, 149 DPR 630, 637. En nuestro ordenamiento procesal civil y en lo pertinente, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.52.1 dispone lo siguiente:

[…]

---

[5] Apéndice del recurso págs. 42-43.

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y **por excepción** a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**.

[…] (Énfasis nuestro.)

Es norma establecida que el asunto que se nos plantee en el auto de *certiorari* debe tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, toda vez que esta regla enumera taxativamente bajo que materias, solamente, se podrá expedir el auto de *certiorari*. Por consiguiente, debemos realizar un análisis dual para determinar si se expide o no un recurso de *certiorari*. Este examen consta de una primera parte objetiva y una segunda parte subjetiva.

En primer lugar, debemos determinar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1 de Procedimiento Civil, *supra*. Es norma reiterada que las partes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes o resoluciones interlocutorias sobre materias que no están especificadas en la Regla 52.1 de Procedimiento Civil, *supra*. En estos casos, en los cuales la materia no está comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

En segundo lugar, debemos analizar si procede la evaluación del recurso bajo la Regla 40 del Reglamento de Tribunal de Apelaciones que nos concede discreción para autorizar la expedición y adjudicación en los méritos del auto de *certiorari*. A esos fines, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios

que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De acuerdo con lo dispuesto en la Regla 40, *supra*, se evalúa "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido [o] una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Recordemos que la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros", sino que, como Tribunal revisor, nos ceñirnos a los criterios antes señalados. *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012) que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Si luego de justipreciar los referidos criterios, decidimos no expedir el recurso, podemos fundamentar nuestra determinación, pero no tenemos la obligación de así hacerlo. Véase, 32 LPRA Ap. V, R. 52.1.

**III**

Los peticionarios acuden ante este foro intermedio mediante un único señalamiento de error el cual se puede dividir en dos vertientes. En primer lugar, destacan que el foro primario incurrió en un grave abuso de su discreción al atender mociones y emitir órdenes sin haberse realizado un procedimiento de sustitución de parte a pesar de conocer del

fallecimiento de uno de los co-demandantes. Por otro lado, también alegan que no proceden las sanciones impuestas ya que la escritura de cesión exigida es imposible concederse sin que se complete el proceso de sustitución de parte y se atienda lo requerido en el Artículo 131 de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, puesto que sin tracto legal no puede haber cesión. 30 LPRA sec. 6186.

De entrada, destacamos que nos encontramos ante un proceso post-sentencia donde el tribunal tiene amplia discreción de emitir las órdenes que entienda necesarias para asegurar la ejecución de su dictamen. Adicional a esto, subrayamos lo que los peticionarios discuten en su recurso donde mencionan que entre los requisitos que exige la Ley Notarial para otorgar una escritura de cesión, se encuentra el que todas las partes con interés comparezcan. Para lograr cumplimentar dicho requisito no es indispensable que se lleve a cabo el proceso de sustitución de parte que versa en la Regla 22.1 de Procedimiento Civil. Esto último porque se trata de una comparecencia la cual puede ser satisfecha por los herederos del fenecido, al comparecer al otorgamiento de la escritura requerida como sus sustitutos. Por otro lado, el citado Artículo 131 de la Ley de Registro Inmobiliario es improcedente ante la situación de hechos del caso.

En conclusión, el Tribunal de Primera Instancia no ha incurrido en abuso de discreción. Además, la calificación de documentos y el tracto registral le corresponde determinarlo estrictamente al Registrador. Ante lo mencionado, no hallamos motivo en derecho para intervenir en esta etapa de los procedimientos. Tampoco estamos ante una situación que requiera nuestra intervención para evitar un posible fracaso de la justicia. Regla 40 (C) (E) (F) y (G), del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B; *IG Builders v. BBVAPR*, *supra*; *Rivera Figueroa v. Joe's European Shop*, *supra*.

**IV**

Por lo antes expuesto, este Tribunal deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones